**Raymond PEDRINA, et al., Plaintiffs–Appellants,**

**v.**

**Han Kuk CHUN; Y.Y. Valley Corp.; Tetsuo Yasuda; Robert Carter; Masanori Kobayashi; Yoshinori "Ken" Hayashida; City and County of Honolulu; Frank F. Fasi, Mayor; Hiroshi Kobayashi; Eugene Lum; Nora Lum; Ernest Souza, Defendants–Appellees.**

**No. 92–15065.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1992.

Decided March 4, 1993.

Thomas Lavigne, Kaneohe, Hawaii; Anthony P. Locricchio, Kailua, Hawaii, for plaintiffs-appellants.

Paul Alston, Alston Hunt Floyd & Ing; Robert C. Godbey, Gilbert & Jeynes; Stanley E. Levin; Rodney Veary, Deputy City Atty.; James E. Duffy, Jr., Fujiyama Duffy & Fujiyama; Wallace S. Fujiyama; Mervyn Kotake; Eugene Lum; Robert J. Hackman, Goodsill Anderson Quinn & Stifel, Honolulu, Hawaii, for defendants-appellees.

Before BROWNING, NORRIS, and REINHARDT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

▮ Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.

The question presented by this appeal is whether Rule 41(a)(1) allows a plaintiff to dismiss without a court order fewer than all of the named defendants, or whether the Rule is limited to dismissals of the plaintiff's entire case.

The answer to this question turns on our interpretation of the word "action" in Rule 41(a)(1), and whether it refers to the entire controversy against *all* the defendants, or to the entirety of claims against any single defendant. Other circuits are divided on the question. *Compare Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250, 253–55 (5th Cir.1973) (plaintiff is entitled to a dismissal against one defendant under Rule 41(a)(1), "even though the action against another defendant would remain pending.") *with Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' ").[1]

We agree with the First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judg-

---

1. The First, Third, and Eighth circuits agree with the Fifth. *See Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir.1980); *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir.), *cert. denied*, 326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477 (1945); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir.1966).

Only the Second and Sixth circuits disagree. *See Harvey Aluminum, supra; Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir.), *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961).

ment.[2] Rule 41(a)(1) is "designed to permit a disengagement of the parties at the behest of the plaintiff ... in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir.1971). Permitting a plaintiff to dismiss fewer than all of the named defendants is consistent with this purpose.

Having decided this threshold legal question, we now apply it to the facts of the case before us.

In this appeal, plaintiffs challenge the district court's order dismissing defendant George Hong with prejudice. The dispute arose when plaintiffs dropped Hong's name from their fourth amended complaint. Dissatisfied with the plaintiffs' action, the district court entered an order which stated:

> Since parties must ordinarily be dropped by motion, *see* Fed.R.Civ.P. 23(e) [sic], Plaintiffs are ordered to file an appropriate motion for voluntary dismissal of these parties [i.e., all defendants named in the third amended complaint but dropped in the fourth amended complaint, including Hong].

When plaintiffs did not respond immediately to the court's order, Hong filed a motion to dismiss with prejudice. Plaintiffs then filed a *notice* of voluntary dismissal of Hong under Rule 41(a)(1). The district court, ruling that plaintiffs' failure to file a *motion* for dismissal constituted a violation of its order, granted Hong's motion to dismiss with prejudice as a sanction for this violation.

 Plaintiffs argue that the district court's sanction was an abuse of discretion

because it was based upon an invalid court order. Plaintiffs contend that the court had no authority to require them to obtain the court's permission to dismiss Hong because Rule 41(a)(1) granted them an absolute right to dismiss Hong without prejudice[3] and without prior leave of court. We agree.[4]

The language of Rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." Fed. R.Civ.P. 41(a)(1). As the court stated in *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963):

> Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

Because the district court had no authority to order plaintiffs to dismiss Hong by motion, the court may not sanction plaintiffs for failing to do so.

The judgment of the district court is VACATED and the case is REMANDED with instructions to enter an order dismissing Hong without prejudice.

---

2. This view is endorsed by the principal treatises on civil procedure. *See* 9 C. Wright and A. Miller, *Federal Practice & Procedure*, Civil § 2362 at 149–150 (1971) ("The sounder view and the weight of authority" suggest that a plaintiff may use Rule 41(a)(1) to dismiss fewer than all of the named defendants); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06–1, at 41–86 to 41–88 (2d ed. 1992) (The "better view" holds that Rule 41 permits dismissal "whether it is fewer than all the defendants against whom a dismissal is sought to be taken, or fewer than all the plaintiffs who seek to withdraw from the action.").

3. A dismissal under Rule 41(a)(1)(i) is without prejudice, unless the plaintiff had already dis-

missed the action once before. *See* Fed.R.Civ.P. 41(a)(1) ("Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed ... an action based on or including the same claim.").

4. We have appellate jurisdiction to review the court order dismissing Hong with prejudice because the district court directed the entry of a final judgment in favor of Hong under Rule 54(b). We reject plaintiffs' argument that the district court abused its discretion in entering the 54(b) judgment.