12-4135
*Youssef v. Tishman Construction Corporation*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2013

(Submitted: September 25, 2013          Decided: March 10, 2014)

Docket No. 12-4135

------------------------------------

Magdy M. Youssef,

*Plaintiff-Appellant,*

- v -

Tishman Construction Corporation, Turner Construction Company,

*Defendants-Appellees*.[*]

------------------------------------

Before:        SACK and DRONEY, *Circuit Judges*.[**]

---

[*] The Clerk of the Court is respectfully directed to amend the caption as shown above.

[**] Judge Reena Raggi, originally assigned to the panel, recused herself before the case was received on submission.  The two remaining members of the panel, who are in agreement, have determined the matter in accordance with Second Circuit Internal Operating Procedure E(b).  *See* 28 U.S.C. § 46(d).

Appeal from a judgment of the Southern District of New York (P. Kevin Castel, *Judge*), dismissing the plaintiff's claims with prejudice. The plaintiff does not contest the dismissal of the action, but argues that it should have been done without prejudice, as provided in Federal Rule of Civil Procedure 41(a)(1)(b). Because we conclude that the district court erred in dismissing the case with prejudice as to the plaintiff, we VACATE the order of the district court, and REMAND with instructions to dismiss the plaintiff's action without prejudice.

> Daniel J. Kaiser, Geoffrey R. Kaiser, Kaiser Saurborn & Mair, P.C., New York, NY, *for Appellant*.
>
> Noah A. Levine, Jamie S. Dycus, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for Appellee Tishman Construction Corp.*
>
> Kevin Joseph O'Connor, Patrick J. Greene, Jr., Peckar & Abramson, P.C., River Edge, NJ, *for Appellee Turner Construction Co.*

SACK, *Circuit Judge*:

This case concerns the proper application of Federal Rule of Civil Procedure 41(a), which governs the voluntary dismissal of an action. Youssef, the plaintiff and appellant, filed a *qui tam* action under the federal and New York

False Claims Acts.  Subsequently, before the defendants had filed an answer or had made a motion for summary judgment, the plaintiff sought to voluntarily dismiss the action.  The district court (P. Kevin Castel, *Judge*) dismissed the action without prejudice as to the United States and the State of New York, but with prejudice as to Youssef.  The sole question for appellate review is whether the district court's dismissal with prejudice was proper.

## BACKGROUND

Magdy M. Youssef, a structural engineer who was employed successively by both defendant companies, brought this action under the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and the New York False Claims Act, N.Y. Fin. Law §§ 187 *et seq.*, alleging a "fraudulent billing scheme" by the defendants on a number of publicly financed construction projects, including the new One World Trade Center.  The complaint, dated August 3, 2010, was filed under seal.  The seal was repeatedly extended while the New York Attorney General and the U.S. Attorney's Office were deciding whether to intervene in the matter.[1]  In early December 2011, both declined to intervene.

---

[1] The False Claims Act provides that the complaint in a *qui tam* action "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information."  31 U.S.C. § 3730(b)(2).

3

On December 13, 2011, the plaintiff's counsel sent a letter to the district court which, the parties agree, expressed an intent to dismiss the action. In the letter, counsel stated, "I have spoke[n] to my client and in view of the government's decision not to intervene he has decided not to pursue this matter any further." Joint App'x at 39. The letter further acknowledged that, as required by 31 U.S.C. § 3730(b)(1), dismissal of the *qui tam* action required approval from both the court and the U.S. Government. At this point, the defendants in the action had not been served, nor had they filed any responsive pleading.

On December 22, 2011, the U.S. Attorney's office advised the district court that it consented to the dismissal of the action, so long as it was without prejudice as to the United States. The following day, in a handwritten order in the margin of the U.S. Attorney's letter, the district court dismissed the action "with prejudice as to claims by Mr. Youssef and without prejudice as to the United States and the State of New York." Joint App'x at 40. The plaintiff's counsel asserts that he did not receive a copy of this order until eight months later, in late August 2012. The dismissal was not entered on the docket until September 18, 2012.

---

The United States may request extensions of the seal for good cause. *Id.* § 3730(b)(3).

4

On August 3, 2012, Youssef re-filed his claim in the Eastern District of New York after learning that the federal government was investigating similar allegations against the defendants. Only thereafter, Youssef alleges, did he learn that his case had been dismissed with prejudice in the Southern District. On August 31, 2012, Youssef's counsel wrote to Judge Castel, requesting that the court modify its earlier order to reflect a dismissal without prejudice.

In an order dated September 4, 2012, the court denied the request. Judge Castel wrote:

> The action was dismissed with prejudice as to Mr. Youssef's claims over 8 months ago. Prior to the dismissal with prejudice his counsel wrote to this Court that ". . . he has decided not to pursue this matter any further." No appeal was taken from the dismissal with prejudice. There is no basis for the court to take any further action.

Order dated Sept. 4, 2012, Joint App'x at 43 (citation omitted).

On September 5, 2012, the plaintiff requested that the district court reconsider its decision, or, in the alternative, that it reopen the time to file a notice of appeal. On September 10, 2012, the district court denied both requests. The following week, on September 18, 2012, an order reflecting the dismissal was entered on the district court's docket. The plaintiff then sought leave to appeal this dismissal order, which the district court granted on October 3, 2012. On

5

October 10, 2012, the district court ordered the seal lifted on both the complaint and the docket.

The plaintiff filed a timely notice of appeal.

**DISCUSSION**

This appeal turns on the application of the Federal Rule of Civil Procedure governing voluntary dismissals.[2]  Subject to any applicable federal

---

[2]  The relevant portion of Rule 41 reads:

**(a)**	**Voluntary Dismissal.**

**(1)**	*By the Plaintiff.*

> **(A)**	*Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > (i)	a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> >
> > (ii)	a stipulation of dismissal signed by all parties who have appeared.
>
> **(B)**	*Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

**(2)**	*By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent

6

statute, a plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice . . . states otherwise, the dismissal [under Rule 41(a)(1)] is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). If voluntary dismissal is unavailable under the conditions set forth in Federal Rule of Civil Procedure 41(a)(1), then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

It is undisputed that the plaintiff sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment.[3] In such a case, the plain text of the rule provides that dismissal "is without prejudice," and affords no discretion in this respect to the district court. Fed. R.

adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41.

[3] We do note that the plaintiff's letter regarding dismissal was not styled as a formal "notice of dismissal," nor did it reference Rule 41. *See* Joint App'x, at 39, 52. Invoking Rule 41 and its specific provisions on the effects of voluntary dismissal could have spared the plaintiff a substantial degree of time, expenditure, and frustration. Nonetheless, we conclude that the format and content of the plaintiff's letter, while less than ideal, do not preclude us from analyzing the issue under Rule 41. *See, e.g.*, *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) ("Although Rule 41(a)(1) was not cited in the Motion for Dismissal, there is no question that plaintiffs were acting pursuant to it.").

Civ. P. 41(a)(1)(B); *see also Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("[A] court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed."). A dismissal with prejudice, in this circumstance, constitutes grounds for *vacatur* and remand with instructions to correct the error. *See Pedrina v. Han Kuk Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (employing this remedy); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1069 (3d Cir. 1987) (same).

The district court decided it could nonetheless dismiss the action with prejudice, because counsel's letter stated that the plaintiff "has decided not to pursue this matter any further." Joint App'x at 39, 43; *see also* Fed. R. Civ. P. 41(a)(1)(B) (permitting a plaintiff to stipulate to a dismissal other than without prejudice). The plaintiff argues that the letter reflected "a decision not to pursue the matter further *at that time*," and that the letter contained no notice or stipulation allowing dismissal with prejudice. Appellant Br. at 9 (emphasis added).

The applicability of Rule 41(a)(1)(A)(i) to the plaintiff's claim is "a legal question which we review *de novo*." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). We also follow our sister circuits in reviewing *de novo* the district court's interpretation of the plaintiff's letter, inasmuch as that interpretation was based "solely on [the district court's] reading of the written

8

words of the stipulation." *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011); *accord Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012). This standard of review, while not explicitly stated in our previous cases, is consistent with well-established general principles. *See Bellefonte Reins. Co. v. Aetna Casualty & Surety Co.*, 903 F.2d 910, 912 (2d Cir. 1990) ("The proper standard for appellate review of a pure textual construction by the district court, whatever the procedural posture of the case, is *de novo*." (emphasis added)); *see also In re Enron Creditors Recovery Corp.*, 461 F. App'x 11, 14 (2d Cir. 2012) (non-precedential summary order) (concluding that interpretation of a joint stipulation entered with the Bankruptcy Court is reviewed *de novo*).

On *de novo* review, we disagree with the district court that the statement by plaintiff's counsel that Youssef would not "pursue this matter any further" constituted "the plain English equivalent of a request that the Court dismiss the claim with prejudice." Order dated Sept. 10, 2012, Joint App'x, at 51, 53. The plain language of the letter supplies no reason to conclude that the plaintiff's counsel was requesting a dismissal *with prejudice*. By stating that the plaintiff would not "pursue this matter any further," counsel may just as well have been indicating an intention simply to stop pressing the complaint that was

9

currently before the district court for any number of reasons having nothing to do with the merits of the claim.[4]

Furthermore, when read in context, it is clear that the letter expressed no opinion on the merits of the action, or on the *res judicata* effect of any dismissal. As the letter explained, the decision to dismiss the claim arose from "the government's decision not to intervene," Joint App'x at 39, which itself does not appear to address the government's views as to the ultimate merits of the claim. *Cf. United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005) (noting that the United States "may opt out" of a *qui tam* action "for any number of reasons" other than the merits). In this context, the statement that the plaintiff "has decided not to pursue" the issue further is most naturally read to reflect a pragmatic decision, not necessarily connected to the substance of the case, and not a request for dismissal with prejudice. *See Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (holding that the statement that the

---

[4] Neither the district court nor the defendant has, moreover, pointed to any reason why the plaintiff would want his claims dismissed with *res judicata* effect, or why the district court would understand this to be so. There was, for instance, no settlement agreement or joint stipulation, in which case a *res judicata* dismissal might reasonably be expected to be part of the parties' bargain. Nor did the plaintiff have any other motivation we can fathom to request a with-prejudice dismissal, for example, to establish a final, appealable judgment.

plaintiff "no longer wishes to proceed with the complaint" was not a request for dismissal with prejudice).

In the absence of any indication by the plaintiff, Rule 41(a)(1) presumes that a voluntary dismissal under these circumstances is without prejudice. Fed. R. Civ. P. 41(a)(1)(B); *see also Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976) (noting "the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim"). The case law of other circuits confirms this view. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013) (stating that stipulated dismissals, like unilateral dismissals, are "presumptively without prejudice"); *Balsley v. LFP, Inc.*, 691 F.3d 747, 771-72 (6th Cir. 2012) (similar), *cert. denied*, 133 S. Ct. 944 (2013); *Anago Franchising*, 677 F.3d at 1276 ("[D]ismissals under Rule 41(a)(1) must explicitly state if prejudice is to attach, else the court will assume that the dismissal will be without prejudice."); *Green Aviation Mgmt. Co. v. Fed. Aviation Admin.*, 676 F.3d 200, 204 (D.C. Cir. 2012) (noting "the presumption that when a complaint is dismissed at the request of the plaintiff, it is without prejudice"); *Commercial Space Mgmt.*, 193 F.3d at 1076 (stating that dismissal under Rule 41(a)(1) "is presumed to be 'without prejudice' unless it

11

states otherwise"). Accordingly, the district court erred by dismissing the case with prejudice.

We also reject the defendants' alternative argument that this dismissal should be analyzed instead under Federal Rule of Civil Procedure 41(a)(2), which grants a greater degree of discretion to the district court. The defendants argue that, because 31 U.S.C. § 3730(b)(1) requires the court's consent for the dismissal of any False Claims Act *qui tam* action, the plaintiff's dismissal necessarily required a court order, and therefore is governed by Federal Rule of Civil Procedure 41(a)(2) (dismissal "By Court Order"). This argument is based on a misreading of the statute and the rules.

Rule 41(a)(1), which we apply here, operates "[s]ubject to" four specified Federal Rules–Rules 23(e), 23.1(c), 23.2, and 66–and "any applicable federal statute," including the False Claims Act. Fed. R. Civ. P. 41(a)(1); *see also* Fed R. Civ. P. 41, Advisory Comm. Note, 1937 Adoption ("Provisions regarding dismissal . . . [in the False Claims Act] are preserved"). As we have previously explained in the context of one of those specified rules, "[t]he 'subject to' clause of Rule 41(a)(1) . . . incorporates Rule 23(e)'s requirement of court approval into its stated provisions." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 137 (2d Cir. 1998). Even though Fed. R. Civ. P. 23(e) requires court approval for the dismissal

of an action, we had no trouble "reading Rules 41(a)(1) and 23(e) together," without turning to Rule 42(a)(2). *Id.* at 139.

The same analysis applies here. For the purposes of this case, Rule 41(a)(1)(A)(i) incorporates the court-consent requirement contained in 31 U.S.C. § 3730(b)(1), and the two provisions must be read together. *See Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (deciding that the consent requirement applies to voluntary dismissals under Rule 41(a)); *see also Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 719 (5th Cir.) (concluding that the right of unilateral dismissal under Rule 41 is qualified by False Claims Act consent requirement), *cert. denied*, 131 S. Ct. 428 (2010). But nothing in the False Claims Act requires that a voluntary dismissal be accorded *res judicata* effect.[5] *See* 31 U.S.C. §§ 3729 *et seq.* Therefore, the consent requirement of the False Claims Act may be incorporated into Rule 41(a)(1) without disturbing the rule's usual presumption in favor of dismissal without prejudice.

---

[5] The defendants point to no text in the False Claims Act that would support their argument, nor do they provide any principle or policy underlying the statute that would justify overriding the presumption in favor of dismissal without prejudice in these circumstances.

13

## CONCLUSION

For the foregoing reasons, we VACATE the judgment of the district court and REMAND the case with instructions for the court to dismiss the action without prejudice.