NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MIGUEL ILAW,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5096

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00173-MBH, Judge Marian Blank Horn.

---

Decided:  November 9, 2015

---

MIGUEL ILAW, San Jose, CA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge*.

Miguel Ilaw ("Ilaw") appeals from the U.S. Court of Federal Claims ("the Claims Court") decision granting his request for voluntary dismissal, dismissing his complaint with prejudice, and declining to transfer his case to the U.S. District Court for the District of Columbia. *Ilaw v. United States*, 121 Fed. Cl. 408 (2015). For the reasons set forth below, we vacate and remand.

## BACKGROUND

This appeal relates to an elaborate web of cases before every echelon of state and federal court, which the Claims Court thoroughly described in its opinion below. We now provide only a brief overview of that history.

In April 2003, Ilaw started working for the Daughters of Charity Health System ("DCHS") as an insurance verifier and patient account representative. It is unclear what his employment status was from July 2003 to February 2007, but Ilaw alleges that in February 2007, he was offered a full-time insurance verifier position in the DCHS Caritas Department. According to Ilaw, he was the "'fifth youngest member and the only male member'" on his team. *Id.* at 411.

In May 2010, after an "'urgent reorganization,'" Ilaw's team relocated to DCHS's O'Connor Hospital. *Id.* While at O'Connor Hospital, Ilaw was assigned to a new female manager and female supervisor. According to Ilaw, from May to September 2010, he suffered gender-based discrimination and harassment under the new management.

After alleged attempts to work with DCHS to "remedy and resol[ve]" the alleged harassment, Ilaw was eventually terminated on September 14, 2010. *Id.* The next day, Ilaw filed a disability claim at the Workers' Compensation Appeals Board in San Jose, California. It is unclear from the record what eventually became of that claim. But on September 16, 2010, Ilaw filed a complaint at the Equal

Employment Opportunity Commission, alleging discrimination under Title VII, and requesting a Notice of Right to Sue.

Ilaw subsequently retained counsel, and on November 5, 2010, sued DCHS in the Superior Court of Santa Clara County of California, claiming, *inter alia*, gender discrimination and wrongful termination. In March 2011, Ilaw agreed to alternative dispute resolution, signing a settlement agreement releasing DCHS from any and all claims. Over the next few days, however, Ilaw uncovered what he considered to be an objectionable provision, immediately withdrew from the agreement, and removed his attorney for "betrayal and misrepresentation." *Id*. at 413. Thus began a barrage of pro se filings before state and federal courts.

In the Superior Court, Ilaw moved to dismiss his November 5, 2010 action without prejudice. Yet despite that voluntary dismissal, Ilaw continued to file similar claims in the Superior Court. In September 2011, for example, Ilaw filed a claim against DCHS and its Caritas Department for wrongful termination. In April 2012, he filed two "fraud" claims: one against the State of California and the Superior Court; the other against Littler Mendelson PC, who represented DCHS. And by July 2012, Ilaw had earned "Vexatious Litigant Status" in the Superior Court. *See id*. at 414 n.5. Indeed, as the Claims Court notes: "On multiple occasions during [Ilaw's] State court proceedings, the court was notified of [his] vexatious litigant status and other litigations. On at least one occasion, [Ilaw] was denied permission to file in the State court based on his status as a vexatious litigant." *Id*. at 416 (footnote omitted).

While Ilaw's various state actions, some of which he voluntarily dismissed, *id*. at 416 n.7, meandered through the hierarchy, he filed additional related actions in federal court. In June 2011, for example, Ilaw filed an action

in the United States District Court for the Northern District of California against DCHS claiming, *inter alia*, gender discrimination and wrongful termination. After failed appeals to the Ninth Circuit and the United States Supreme Court, Ilaw again filed a complaint in the district court naming Littler Mendelson, DCHS, the Judicial Counsel of California, and Judge Lucy Koh, among others, as defendants. He alleged violations of his constitutional rights and causes of action under 42 U.S.C. §§ 1983, 1985, and 1986. Ilaw's allegations were repeatedly dismissed because, as the Ninth Circuit noted, "'the questions raised in this appeal are so insubstantial as not to require further argument." *Id.* at 419.

On February 24, 2015, Ilaw filed the instant complaint in the Claims Court, naming the United States, Judge Lucy Koh, and Littler Mendelson as defendants.[1] Ilaw alleged violations of his constitutional rights under the Fifth and Fourteenth Amendments; civil rights violations under 42 U.S.C. §§ 1983 and 1985; and the "tort of outrage/physical illness." *Id.* at 419–20. Ilaw also filed a "motion/notice for disqualification of Ninth Circuit courts." *Id.* at 420 (emphasis removed). Shortly thereafter, and before the defendants could file their responses, Ilaw filed "an application for voluntary dismissal and removal to [the District Court for the District of Columbia]." Appellee's App. 56. The defendants filed a response in support of dismissal, but opposing any transfer and alternatively recommending summary dismissal. *See id.* at 59–67. Ilaw responded, opposing summary dismissal and arguing "[t]he Court should not dismiss the claim as

---

[1] While this case remained pending before the Claims Court, Ilaw filed a similar case in the District Court for the District of Columbia. *Ilaw v. Dep't of Justice*, No. 15-cv-00609 (D.D.C. Apr. 21, 2015); Appellee's App. 182–232.

frivolous as the Court is simply without jurisdiction over the subject matter and private parties." *Id.* at 152.

The Claims Court granted Ilaw's motion for voluntary dismissal, but declined to transfer the case. With respect to the dismissal, the court reasoned that: (1) it only has jurisdiction over claims against the United States; thus, the claims against Littler Mendelson and Judge Koh were improperly before it, *Ilaw*, 121 Fed. Cl. at 424; (2) neither the due process nor equal protection clauses of the Fifth and Fourteenth Amendments are money-mandating, and thus neither can provide the court with jurisdiction under the Tucker Act, *id.* at 425–26; and (3) it has never had jurisdiction over claims under the Civil Rights Act, or those that sound in tort, *id.* at 426–27.

The court then declined to transfer Ilaw's case, finding that he failed to satisfy the statutory requirements for such a transfer. *Id.* at 428. Specifically, the court held that transferring Ilaw's case would not be in the "'interest of justice,' given the exhaustive history of [Ilaw's] prior, unsuccessful litigation in State and Federal Courts, and the prior finding by numerous courts of the frivolous and vexatious nature of [Ilaw's] allegations." *Id.* Moreover, the court noted that "Ilaw filed a complaint in the United States District Court for the District of Columbia, shortly after he filed the above captioned case in this court," and that "absolutely no purpose would be served to transfer the above captioned case to the same court." *Id.*

The complaint was then dismissed with prejudice. Ilaw timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

In reviewing decisions of the Claims Court, we apply a de novo standard to legal conclusions, and a clear-error standard to factual findings. *See Kansas Gas & Elec. Co. v. United States*, 685 F.3d 1361, 1366 (Fed. Cir. 2012).

Procedural questions, such as the application of the rules governing voluntary dismissals, are legal in nature and therefore reviewed de novo. *See, e.g.*, *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 824 (2d Cir. 2014) (quoting *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012)).

This appeal turns on proper application of the Rules of the U.S. Court of Federal Claims ("RCFC")[2] governing voluntary dismissals. Under Rule 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss his action by filing a "notice of dismissal" before the opposing party serves an answer or a motion for summary judgment. RCFC 41(a)(1)(A)(i). Unless the notice states otherwise, the plain text of the rule provides that such a dismissal is "without prejudice." *Id.* 41(a)(1)(B).[3] The court has no discretion in that respect. *See, e.g.*, *Youseff*, 744 F.3d at 824 (citing *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("[A] court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.")). If, however, dismissal is not available under Rule 41(a)(1)(A)(i), *viz.*, the plaintiff desires dismissal at a later time point in the

---

[2]    Rules 41(a)(1) and 41(a)(2) of the Rules of the U.S. Court of Federal Claims are identical, in relevant part, to Rules 41(a)(1) and 41(a)(2) of the Federal Rules of Civil Procedure.

[3]    Rule 41(a)(1)(B) also notes: "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits," *i.e.*, a dismissal with prejudice. That provision does not apply here, however, because, as the government admits, "Mr. Ilaw voluntarily dismissed actions in state and Federal Court stemming from his employment dispute with Daughters of Charity Health System, although not containing the same claims at issue herein." Appellee's Br. 9.

proceedings, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." RCFC 41(a)(2). The court necessarily enjoys some discretion in issuing that order, including the authority to dismiss with prejudice. *Cf. Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments*, 479 F.3d 1330, 1336 (Fed. Cir. 2007) ("Rule 41(a)(2) gives courts discretion in deciding whether to grant a plaintiff's motion to voluntarily dismiss and whether to impose terms and conditions in granting such a motion.").

In this case, Ilaw filed, what he terms, an "application for voluntary dismissal and removal to district court." Appellee's App. 56–58. This "application" was filed before the defendants served either an answer or a motion for summary judgment. *See Ilaw*, 121 Fed. Cl. at 410. And, in this "application," Ilaw states: "Respectfully, indigent and pro se Plaintiff Miguel Ilaw is voluntarily dismissing his claim without prejudice under this Court for 'lack of jurisdiction' and transferring to United States District Court, The District of Columbia, above-entitled Case No. 15-0173-MBH." Appellee's App. 56.

Ilaw argues that his application for dismissal invoked Rule 41(a)(1)(A)(i), *see* Appellant's Br. 9, and thus, in light of the plain text of that rule, the Claims Court erred in dismissing with prejudice. The government responds by suggesting that Ilaw's application, which arguably includes language requesting a transfer, instead falls under Rule 41(a)(2), *see* Appellee's Br. 9–10, and thus the court had the discretion to dismiss the case with prejudice. The government also contends that the Claims Court properly rejected Ilaw's transfer request, irrespective of its dismissal with prejudice.

Despite the Claims Court's thorough opinion delineating the boundaries of its jurisdiction and fully supporting its denial of transfer, we nonetheless agree with Ilaw that the court erred in dismissing his complaint with preju-

dice.  We accordingly vacate and remand with direction to dismiss Ilaw's complaint *without prejudice*.  In light of that holding, any discussion of transfer is moot.

Certainly, the form of Ilaw's "application" leaves much to be desired: it does not invoke the exact language of the rule, lacking the proper "notice of dismissal" title, and it oddly incorporates a possible request for transfer.  But we decline to penalize Ilaw, a pro se plaintiff, for less than ideal form.  As some of our sister circuits have held in similar contexts, form should not usurp substance.  In *Smith v. Potter*, for example, the Seventh Circuit found that a document captioned "motion to voluntarily dismiss" constituted a "notice of dismissal" for purposes of Rule 41(a)(1)(A)(i), warranting a dismissal without prejudice. 513 F.3d 781, 782–83 (7th Cir. 2008); *accord Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) ("Although Rule 41(a)(1) was not cited in the Motion for Dismissal, there is no question that the plaintiffs were acting pursuant to it. That it was styled a 'Motion for Dismissal' rather than a 'Notice of Dismissal' is, in our opinion, a distinction without a difference."); *cf. Garber v. Chi. Mercantile Exch.*, 570 F.3d 1361 (Fed. Cir. 2009) (relying on *Smith* in holding that the parties' agreement satisfied the requirements of Rule 41(a)(1)(A)(ii) despite deviations from the standard form, *i.e.*, the inclusion of an additional proposed order).

We conclude similarly here.  Ilaw's "application" is nothing more than a "notice of dismissal," properly filed before the defendants served an answer or a motion for summary judgment.  *Ilaw*, 121 Fed. Cl. at 410.  Indeed, Ilaw recognizes the import of Rule 41(a)(1)(A)(i)'s timing prescription, and appears to invoke its language by stating: "As of the present date . . . the Defendant has not submitted any response to motion for disqualification . . . nor answer to the federal complaint."  Appellee's App. 56. As such, the simple filing of the "application" effected the termination of the lawsuit, divesting the Claims Court of jurisdiction and warranting consequent dismissal without

prejudice. *See, e.g.*, *Youssef*, 744 F.3d at 824 ("A dismissal with prejudice, in this circumstance, constitutes grounds for *vacatur* and remand with instructions to correct the error." (citing *Pedrina v. Han Kuk Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1069 (3d Cir. 1987))).

The government's attempts to redefine Ilaw's "application" are unpersuasive. As an initial matter, the application itself highlights Ilaw's action: Ilaw "is voluntarily dismissing," an absolute right early in the proceedings, and "is . . . transferring to" another court. Appellee's App. 56. The "application" thus lacks a formal transfer request, and importing one is certainly a stretch. Indeed, Ilaw's own actions underscore his understanding that he was responsible for moving his case to the district court. On April 21, 2015, one month after Ilaw filed his "application for voluntary dismissal," Ilaw filed a complaint in the District Court for the District of Columbia, alleging a myriad of similar claims. Appellee's App. 56.

Even if Ilaw's statement can be construed as a transfer request, it does not change the form of the underlying "notice of dismissal" and invoke Rule 41(a)(2). Rule 41(a)(2) only applies "[e]xcept as provided in Rule 41(a)(1)," and Rule 41(a)(1)(i) is otherwise a lenient rule married to temporal requirements; if those requirements are satisfied, then Rule 41(a)(1)(i) applies.

Moreover, a transfer request is entirely irrelevant in view of the overwhelming power of a notice of dismissal during the proceeding, *viz.*, the filing of the notice itself terminates the suit and divests the court of jurisdiction over all subsequent motions. *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) ("Up to the 'point of no return,' dismissal is automatic and immediate—the right of a plaintiff is 'unfettered.' A timely notice of voluntary dismissal invites no response from the [tribunal] and permits no interference by it.")

(citations omitted); *see* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civ. 3d § 2367, at 559–61 (3d ed. 2008) ("After the dismissal, the action is no longer pending in the district court and no further proceedings in the action are proper."). Ilaw's "application" effected an immediate termination, and the Claims Court accordingly lacked the authority to dismiss with prejudice or address transfer. Any discussion whether the court abused its discretion in declining to transfer is thus moot.

If the Claims Court had wished to dismiss with prejudice as a sanction for Ilaw's almost certain litigation abuse thus far, then it would have so stated, offering an appropriate explanation in its thorough opinion that its action was in fact a sanction. Absent such an explanation, however, we simply cannot affirm the court's dismissal with prejudice.

## CONCLUSION

The Claims Court erred in dismissing Ilaw's complaint with prejudice. We therefore vacate and remand with direction to dismiss the complaint without prejudice. In light of that holding, the appeal from the decision not to transfer is moot.

## VACATED AND REMANDED

### COSTS

No costs.