22-2610-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-three.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **BARRINGTON D. PARKER,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

**In Re: Olegna Fuschi,**

*Debtor.*

_____

**Olegna Fuschi,**

*Debtor-Appellant,*

**v.**                                                            22-2610

**The Bank of New York Mellon Trust Company, N.A., FKA The Bank of New York Trust Company, N.A.,**

*Appellee.*

_____

**FOR DEBTOR-APPELLANT:**                    Olegna Fuschi, pro se, Bronx, NY.

**FOR APPELLEE:**                            Morgan R. McCord, Eckert, Seamans, Cherin & Mellott, LLC, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** for further proceedings consistent with this order**.**

Appellant Olegna Fuschi, proceeding pro se, appeals from the dismissal of her bankruptcy appeal. Through counsel, Fuschi filed for Chapter 11 relief in bankruptcy court. After the bankruptcy court dismissed the petition, Fuschi

timely appealed to the district court.

Several months later, Fuschi's attorney sent a short, three-sentence letter to the district court, in which he identified himself as her attorney; stated that, upon having "reviewed this matter," he did "not believe there is a sufficient basis to prosecute this appeal"; and requested that the appeal "be withdrawn." Sept. 20, 2022 Letter, S.D.N.Y. No. 22-cv-332, ECF No. 4. The letter, which does not appear to have been filed via ECF, was CCed to "all interested parties." *Id.* The district court so-ordered the letter the next day. Fuschi filed a notice of appeal less than two weeks later.

On appeal to this Court, Fuschi, now pro se, represents that her attorney sent the withdrawal letter without her knowledge or permission, and asks for the restoration of her bankruptcy appeal. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.[1]

---

[1] Although the parties do not address appellate jurisdiction, we have an independent obligation to determine whether we can hear an appeal from a so-ordered dismissal. *See Zaluski v. I.N.S.*, 37 F.3d 72, 73 (2d Cir. 1994) (per curiam). In the past, we have exercised jurisdiction over an appeal of a putative Fed. R. Civ. P. 41(a)(1) dismissal that the district court erroneously designated as with prejudice instead of without prejudice to the plaintiff's detriment. *See Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 822–23, 825 (2d Cir. 2014). While the order here was presumably entered under Fed. R. Bankr.

While a litigant is ordinarily bound by the actions or inactions of her lawyer, we have recognized exceptions to this rule where attorneys have abandoned their clients or exceeded their authority. *See Gomez v. City of New York*, 805 F.3d 419, 423–24 (2d Cir. 2015) (per curiam). Moreover, "unlike many other acts that an attorney undertakes on a client's behalf, the decision to settle or otherwise dismiss claims rests with the client and is not automatically bestowed on retained counsel"; and while we presume that counsel acts pursuant to authority, that presumption is a rebuttable question of fact. *Id.* at 424 (internal quotation marks and alterations omitted).

Here, however, the record does not permit us to answer the question posed by Fuschi's appeal. Unlike the plaintiff in *Gomez*, Fuschi did not bring her claim that counsel exceeded his authority to the district court, but instead filed a notice of appeal—one which, we note, cannot fairly be construed as anything other than a notice of appeal, even with liberal construction. *Cf. id.* at 422.

---

P. 8023, not Fed. R. Civ. P. 41(a)(1), the bankruptcy rule permits dismissal only on motion or stipulation, not notice—a distinction requiring district court intervention, and which weighs in favor of exercising jurisdiction. Accordingly, we conclude that we have appellate jurisdiction.

4

However, under these unusual circumstances—where counsel's letter was not filed on the docket, the district court acted one day later, and the dismissal was not on motion as required by Fed. R. Bankr. P. 8023(b)—we see no harm in permitting, but not requiring, the district court to consider Fuschi's arguments in the first instance. The district court may exercise its discretion in deciding whether to allow Fuschi to supplement the record to meet her "not insubstantial" burden of showing that her attorney lacked authority to dismiss the appeal. *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 986 F.2d 15, 20 (2d Cir. 1993).

Accordingly, we **REMAND** the case pursuant to the procedures adopted in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The district court may, in an exercise of its discretion, permit Fuschi to reopen the case to present evidence and arguments to support her claim that the withdrawal was improper.

If the district court denies reopening or rehearing without further proceedings, or if the district court expands the record but decides against permitting the bankruptcy appeal to proceed to merits briefing, jurisdiction over the appeal will be automatically restored to this Court, without the need for a new

5

notice of appeal, upon notification to the Clerk of Court within 30 days of the district court's decision. The panel will retain jurisdiction.

If instead the district court determines that Fuschi has met her burden, and permits the bankruptcy appeal to proceed to merits briefing, the parties shall inform the Clerk of the Court within 30 days of that decision, at which point this appeal shall be dismissed. Should the parties wish to challenge the district court's ultimate adjudication of the bankruptcy appeal, a new notice of appeal will be required.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court