24-447-bk
*Aquino v. Alexander Capital LP*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand twenty-four.

Present:

> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

JOHN J. AQUINO, CHAPTER 7 TRUSTEE BY ITS ASSIGNEE CONVERGENT DISTRIBUTORS OF TEXAS, LLC,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                              No. 24-447-bk

ALEXANDER CAPITAL LP, JOSEPH AMATO, ROCCO GUIDICIPIETRO, NESA MANAGEMENT LLC,

> *Defendants-Counter-Claimants-Appellees*.

_____

For Plaintiff-Counter-Defendant-Appellant:     William C. Rand, Law Office of William Coudert Rand, New York, NY.

For Defendants-Counter-Claimants-Appellees:         Bryan M. Ward, Holly Coles, Holcomb &Ward, LLP, Atlanta, GA.

Appeal from a February 1, 2024 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant John J. Aquino, the Chapter 7 Trustee, by his assignee, Convergent Distributors of Texas, LLC ("Convergent"), appeals from post-judgment orders of the district court awarding attorney's fees to Defendants-Counter-Claimants-Appellees, Alexander Capital, LP, and its managing partners Joseph Amato, Rocco Guidicipietro, and Nesa Management LLC (collectively, "ACLP"), as a spoliation-of-evidence sanction.   *See* Fed. R. Civ. P. 37(e)(1).   Convergent also appeals the district court's December 28, 2023 denial of a motion to recuse and to strike statements from the trial record.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

During discovery in the underlying litigation,[1] ACLP requested various documents from Convergent relating to Inpellis, the bankrupt pharmaceutical company that precipitated the current dispute.   In response to incomplete productions that omitted emails from Inpellis executives' custodial accounts, ACLP sought clarity on the status and contents of an Inpellis computer server

---

[1] On the merits, Convergent brought claims of breach of contract, fraud, and fraudulent inducement against ACLP for its work on the failed IPO of Inpellis.   The district court ultimately directed a verdict in favor of ACLP, and the decision was affirmed on appeal.   *See Aquino v. Alexander Cap. LP*, No. 23-1109 (L), 2024 WL 2952497, at *1, 5 (2d Cir. June 12, 2024).

2

associated with the requested documents. During a January 2022 discovery hearing on ACLP's motion to compel, the district court ordered Convergent to explain the server's condition and whereabouts. In a letter response, Convergent and the bankruptcy trustee confirmed that the server had been disposed of but represented that ACLP had access to a hard drive that "mirrored" the server's information. App'x at 1557. Weeks later, Convergent sent an addendum to ACLP conceding that the hard drive was incomplete because it included selectively copied information from the server in response to an unrelated subpoena served years earlier. The addendum acknowledged that the Inpellis server had been "lost or destroyed without the entirety of its contents ever having been copied." *Aquino ex rel. Convergent Distribs. of Tex., LLC v. Alexander Cap., LP*, 708 F. Supp. 3d 495, 508 (S.D.N.Y. 2023).

As a result, although the parties resolved other discovery disputes underlying ACLP's motion to compel through a joint stipulation in February 2022, the server's spoliation and the loss of any associated electronically stored information ("ESI") remained a contentious issue. In August 2022, ACLP filed a motion for spoliation sanctions, seeking an adverse-inference instruction pursuant to Rule 37(e)(2) and attorney's fees pursuant to Rule 37(e)(1). In March 2023, the district court denied the adverse-inference instruction, leaving open the possibility of other relief at trial. The district court also concluded that the request for attorney's fees was "premature," since the district court's December 2021 order had advised the parties that all costs and fees issues would be resolved at the end of litigation. *Aquino ex rel. Convergent Distribs. of Tex., LLC v. Alexander Cap., LP*, No. 21-CV-1355 (JSR), 2023 WL 2751541, at *6 n.5 (S.D.N.Y. Mar. 31, 2023). Nonetheless, the district court "easily conclude[d]" that the trustee and Convergent had "failed to take reasonable steps to preserve apparently irreplaceable [ESI], the

3

destruction of which ha[d] likely prejudiced defendants." *Id.* at \*8 (internal quotation marks omitted). After trial, the district court granted ALCP's motion for sanctions for the server's spoliation.

Also after trial, Jan Schlichtmann, as an interested party, moved for Judge Rakoff's recusal and to strike allegedly derogatory statements by the Court. Convergent joined Schlichtmann's motion. Schlichtmann had been Convergent's lead counsel until November 2021, when Judge Rakoff disqualified him for submitting material falsehoods in a declaration on which the court relied to deny ACLP's first motion to disqualify Schlichtmann as counsel on the ground that he was a necessary witness to the litigation. Schlichtmann argued that Judge Rakoff had not been a neutral arbiter and evinced animosity towards him and Convergent. The district court denied the motion as "totally without merit." *Aquino*, 708 F. Supp. 3d at 501.

\*                    \*                    \*

As questions of law, this Court determines appellate jurisdiction and mootness *de novo*. "Under 28 U.S.C. § 1291, [this Court] may review only a district court's 'final decisions.' And under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), we have jurisdiction only if an aggrieved party appeals within 30 days after a district court issues a final decision." *Amara v. Cigna Corp.*, 53 F.4th 241, 247 (2d Cir. 2022), *cert. denied,* 143 S. Ct. 2484 (2023). Moreover, "[a] case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted).

4

A district court's imposition of sanctions and denial of a motion to recuse are both reviewed for abuse of discretion. "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted).

## I. Appellate Jurisdiction

We turn first to this Court's jurisdiction. ACLP contends that this Court lacks jurisdiction to review the district court's December 2023 denial of the motion to recuse and March 2023 spoliation finding because Convergent's appeal is untimely as to those issues and because the latter ground is not mentioned in Convergent's notice of appeal. As is the case here, the post-judgment context necessitates a "practical construction" of finality, such that orders are "assessed on [their] own terms" to see if they qualify as "final decision[s]" that are appealable under 28 U.S.C. § 1291. *Amara*, 53 F.4th at 249–250 (emphasis and internal quotation marks omitted). A "district court's postjudgment order is final when it has finally disposed of a question, and there are no pending proceedings raising related questions." *Id.* at 250 (alterations adopted) (internal quotation marks omitted). Here, this Court does not have jurisdiction over the appeal of the district court's denial of the motion to recuse because the December 28, 2023 order fully resolved the recusal question and was final as of that date. Convergent did not file its notice of appeal until February 13, 2024 and thus failed to satisfy the 30-day jurisdictional requirement of Fed. R. App. P. 4(a)(1)(A).[2]

---

[2] Because we do not have jurisdiction, we do not address whether the district court abused its discretion in refusing to recuse.

5

The March 2023 spoliation finding, however, did not become appealable until it was incorporated into the district court's February 2024 award of attorney's fees. Generally, "finality . . . requires determination of both liability and sanction," both prejudgment and post-judgment, and a post-judgment order is final once a district court has resolved all associated issues. *Amara*, 53 F.4th at 251–252. Even though ACLP sought a prejudgment spoliation remedy, and even though the court concluded that spoliation had occurred, the record makes clear that no spoliation sanctions were imposed until after the district court entered judgment. As ACLP acknowledges, the March 2023 order would qualify as "non-final [and] collateral." Appellees' Br. at 4. Accordingly, the first appealable judgment associated with the server's spoliation is the fee award on February 1, 2024, which "finally disposed of" sanctions and incorporated the December 2023 post-judgment order granting sanctions, and which Convergent did timely appeal. *Amara*, 53 F.4th at 250. In this instance, the requirement of designating "the appealable order" in Federal Rule of Appellate Procedure 3(c)(1)(B) is no bar because the December 2023 order expressly quoted the March 2023 spoliation finding and readdressed the requirements of Rule 37(e)(1) to confirm spoliation had occurred.

## II.    Mootness

Next, we turn to Convergent's assertion that the district court exceeded its jurisdiction on the theory that the spoliation issue was rendered moot by the parties' joint stipulation in February 2022. That stipulation, in relevant part, provided that "all pending discovery disputes . . . have been resolved by revised responses and document productions, and certifications. These disputes include . . . the remaining disputes over document productions raised in [ACLP's] Motion to Compel." App'x at 2075. On appeal, as below, Convergent argues that the references to "all

6

pending discovery disputes" and ACLP's November 2021 motion to compel indicate that the parties' February 2022 stipulation encompassed the server issue. Thus, according to Convergent, ACLP's sanctions motion was barred by the stipulation. However, the district court rejected this argument and concluded that the joint stipulation did not address spoliation sanctions. Judge Rakoff noted that because "the [district court] had previously ordered [on December 21, 2021] that all requests for attorney's fees would be resolved at the end of the case," the parties likely felt no need to discuss attorney's fees for the joint stipulation and do not make any "mention of attorney's fees" in the stipulation. *Aquino*, 708 F. Supp. 3d at 513 n.8.

We agree that spoliation sanctions are beyond the scope of the parties' February 2022 joint stipulation. This Court interprets *de novo* parties' stipulations in accordance with ordinary contract interpretation principles. *See In re Blackwood Assocs., L.P.*, 153 F.3d 61, 66 (2d Cir. 1998); *accord Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 824 (2d Cir. 2014). The stipulation here is unambiguous and enumerates specific discovery disputes that are resolved. That list does not include spoliation sanctions or attorney's fees. Moreover, because ACLP had not filed a formal motion for spoliation sanctions at the time the stipulation was entered, it could not have been a referenced "pending" discovery dispute. Because the joint stipulation does not cover spoliation sanctions, the district court appropriately exercised its jurisdiction when it considered sanctions in the merits litigation post-dating February 2022, and when it ordered sanctions post-judgment in February 2024.

## III.    Spoliation Sanctions

Because we are assured of our appellate jurisdiction and the district court's Article III jurisdiction over spoliation sanctions, we turn to Convergent's final argument—that the district

7

court abused its discretion in finding that the server's spoliation warranted sanctions because the award was unjust and violated Rule 37(e)(1). Specifically, Convergent argues that monetary sanctions for the Inpellis server's spoliation were unjustified because ACLP acted in bad faith by seeking sanctions after resolving their discovery disputes in the February 2022 stipulation; there was no showing of loss; and there was no showing of prejudice. The district court considered and rejected all these arguments.

We find no abuse of discretion by the district court. Rule 37(e)(1) permits the court to "order measures no greater than necessary to cure the prejudice" from the loss of ESI, when ESI that "should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced." In general, "[t]he determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). As the district court noted, the Advisory Committee Notes highlight that the "rule leaves judges with discretion to determine how best to assess prejudice in particular cases" because "[d]etermining the content of lost information may be a difficult task in some cases." Fed. R. Civ. P. 37 Advisory Committee Notes to 2015 Amendment. Here, the district court found that some loss had occurred as a result of the server's spoliation. While Convergent seeks to relitigate the extent of that loss on appeal and argues that other extensive document production covers all possible records, the district court found that explanation insufficient and noted that several "email archives for several key individuals" were missing. *Aquino*, 708 F. Supp. 3d at 514. Moreover, there was no finding below that ACLP acted in bad faith. Lastly, the district court did not abuse its discretion in finding prejudice given the unnecessary effort ACLP expended to confirm the

server's status.

*                *                *

For the reasons set forth above, we hold that the district properly granted and awarded attorney's fees as sanctions. We have considered Convergent's remaining arguments and conclude they are without merit. Therefore, we **AFFIRM** the judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court